UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GAYLE DISQUE,

          Plaintiff,

                                  Civil No. 09-685-HA

       v.

                                  OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____

HAGGERTY, District Judge:

      Plaintiff Gayle Disque requests judicial review of a final decision by the Commissioner

of the Social Security Administration that concluded that she was ineligible for Disability

Insurance Benefits (DIB).  Plaintiff alleges disability since July 1, 2001 due to impairments

including diabetic polyneuropathy, lumbar degenerative disc disease, asthma, high blood

pressure, pain, and lymphedema.

1  - OPINION AND ORDER

She applied for DIB in November 23, 2004 and appeared before an Administrative Law Judge (ALJ) after that application was denied initially and upon reconsideration. The ALJ issued a ruling that concluded that plaintiff was not entitled to DIB. Administrative review of that decision was denied. Tr. 4-6.[1] Plaintiff seeks judicial review and an Order reversing the Commissioner's decision and remanding this case for an award of benefits.

## BACKGROUND

Plaintiff was forty-eight years old on her alleged date of disability onset of July 1, 2001, and was fifty-four years old on the date of the ALJ's unfavorable decision, which was August 10, 2007. Tr. 53, 65, 327.

Plaintiff completed a general equivalency diploma (GED). Tr. 63. She has past relevant work experience as an alarm monitor, retail sales clerk, makeup artist, cocktail waitress, demonstrator, and kitchen supervisor. Tr. 59, 79, 329-34, 355.

Plaintiff, represented by counsel, and her husband testified at the hearing before the ALJ. The ALJ also elicited expert testimony from a vocational expert (VE). Stephen Wolcott, plaintiff's friend, submitted a third-party questionnaire for the ALJ's consideration that provided his observations concerning plaintiff's impairments.

This court will address additional details of plaintiff's medical and personal history as necessary in this ruling.

## STANDARDS

---

1    Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2  - OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her

former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d  625, 630 (9th

Cir. 2007) (citations and quotations omitted).  This court must uphold the Commissioner's denial

of benefits even if the evidence is susceptible to more than one rational interpretation, as long as

one of the interpretations supports the decision of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947,

954 (9th Cir. 2002) (citation omitted).

       The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision.  *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).  The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances in which the evidence would support either

outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v.

Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).  A decision to deny benefits

may be set aside only if the ALJ's findings are based on legal error or are not supported by

substantial evidence in the record.  *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

       At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged

disability onset date.  Tr. 17, Finding 2.

       At step two, the ALJ found that plaintiff suffered from the severe impairments of lumbar

degenerative disc disease and diabetes mellitus.  Tr. 17; Finding 3.

       At step three, the ALJ found that plaintiff's impairments did not meet or equal the

requirements of a listed impairment.  Tr. 19; Finding 4.  Plaintiff does not dispute this finding.

       The ALJ then assessed plaintiff's residual functional capacity (RFC) as follows: plaintiff

can perform sedentary work with a "slight limitation in her ability to engage in gross

manipulation and a slight limitation in her ability to perform simple, routine repetitive tasks,

while bearing a slight to moderate amount of pain as specified in the hypothetical question posed to the vocational expert . . . ."  Tr. 19; Finding 5.  Plaintiff disputes the ALJ's RFC assessment.

At step four, the ALJ found that plaintiff did not qualify for DIB because she could perform her past relevant work as an alarm monitor.  Tr. 21, 23; Findings 6 & 11.  Plaintiff disputes these findings.

Alternatively, at step five, after eliciting testimony from the vocational expert (VE), the ALJ found that plaintiff could perform other work, such as a charge clerk, order clerk, and lens inserter, occupations that exist in significant numbers in the regional economy.  Tr. 22; Findings 10.  Plaintiff also disputes these findings.

**QUESTION PRESENTED**

Plaintiff contends in part that the ALJ erred in assessing plaintiff's ability to perform past work and other work, and erred in evaluating testimony from plaintiff and the lay witnesses.  The question presented is whether – after properly assessing plaintiff's RFC and weighing and evaluating the testimony presented – this action must be remanded for an award of benefits.

**DISCUSSION**

**1.     The ALJ's evaluation of plaintiff's impairments**

Plaintiff argues that the ALJ improperly used vague terms to define plaintiff's limitations.  The description of "slight" regarding plaintiff's limitations in performing "gross manipulation" and performing "simple, routine repetitive tasks" is inconsistent with the medical evidence presented regarding plaintiff's impairments.  Moreover, the imprecision of the ALJ's characterization hinders a fair analysis of whether plaintiff's limitations preclude her ability to perform past work or other work available in the regional economy.

6  - OPINION AND ORDER

The Commissioner also concedes that the ALJ erred in analyzing plaintiff's ability to perform past relevant work, and in determining her ability to perform other work at step five. Df. Br. at 12. The Commissioner's attempt to dismiss these errors as harmless is rejected. The ALJ's finding that plaintiff was capable of undertaking past work as "actually performed" is inconsistent with the fact that the past work at issue (alarm monitor) is semi-skilled work, and the ALJ recognized that plaintiff is now limited to a reduced range of unskilled sedentary work. Tr. 22. The conceded errors at step five are not shown to be harmless, as well. The ALJ appears to have applied standards pertaining to "younger individuals" when in fact plaintiff attained the age of fifty during the pendency of her claim, and qualifies for DIB for a period when she was that age. Tr. 22.

### 2.        Plaintiff's testimony

The ALJ also erred in finding plaintiff's testimony less than credible. The ALJ concluded that plaintiff's testimony was "not credible to the extent that she alleged an inability to perform even sedentary work" because such testimony "was not supported by the objective medical evidence or the functional capacity assessments in the record," and "was undermined by her lack of ongoing significant treatment for alleged pain and her description of her numerous and varied activities." Tr. 20.

An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). However, in determining a claimant's credibility, the ALJ should consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th

Cir. 1996); *see also Light v. Comm.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ also may

consider a claimant's work record and observations of physicians and other third parties

regarding the nature, onset, duration, and frequency of symptoms. *Id.*

Under *Smolen* and its progeny, an ALJ cannot reject a claimant's testimony regarding

severe symptoms without setting forth specific findings that provide clear and convincing

reasons for doing so when there is evidence that the claimant has an underlying impairment and

there is no indication that the claimant is malingering. A two-step analysis applies at the

administrative level when considering a claimant's subjective credibility. *Smolen*, 80 F.3d at

1281.

First, the claimant must produce objective medical evidence of an impairment and show

that the impairment could reasonably be expected to produce some degree of symptom. *Id.* at

1281-82. Presumably, even "partial support" from the medical evidence is sufficient. In the

absence of evidence of malingering, an ALJ can reject the claimant's testimony about the

severity of symptoms "only by offering specific, clear and convincing reasons for doing so."

*Smolen*, 80 F.3d at 1281. *See also* Social Security Ruling [SSR] 96-7p (ALJ's decision "must be

sufficiently specific to make clear to the individual and to any subsequent reviewers the weight

the adjudicator gave to the individual's statements and reasons for that weight"). Moreover, a

claimant's statements cannot be rejected solely because the testimony is viewed as

unsubstantiated by the available objective medical evidence. 20 C.F. R.§§ 404.1529(c)(2); 416.

929(c)(2).

8    - OPINION AND ORDER

Here, no substantive evidence of malingering was presented.  Plaintiff's testimony is substantiated by the available medical record.  The ALJ's grounds for discounting it fall short of being clear and convincing.

The ALJ's reliance upon the appearance of possible treatment non-compliance is flawed. Under SSR 96-7, an ALJ is not permitted to draw any inferences about an individual's symptoms and their functional effects that are based upon a perceived "failure to seek or pursue regular medical treatment" without first considering any explanations proffered by the individual, or other information in the case record that may explain such apparent failures.  SSR 96-7.

The ALJ failed to pursue concerns about plaintiff's non-compliance at the hearing by making specific inquiries of plaintiff or by consulting medical experts regarding the issue.  The ALJ also appears to have ignored evidence in the record that plaintiff undertook myriad tests to diagnose and treat her pain.  Tr. 146-48, 162, 200, 234, 267, 281, 284, 305, 311-19.

The Commissioner's reference to other evidence in the record that – had the ALJ relied upon it, might have supported the ALJ's credibility determination – is unhelpful.  *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[I]f the Commissioner's contention invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then we must decline").

### 3.    Lay testimony

The ALJ also erred in ignoring the evidence presented by lay witnesses Steven Disque and Stephen Wolcott.  In determining a claimant's possible disability, an ALJ must consider lay witness testimony when it is presented.  20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e);

*see also Stout v. Comm.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Lay testimony as to a claimant's symptoms or as to how an impairment affects a person is considered competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

To discount the testimony of a lay witness, an ALJ must give reasons that are germane to that witness. *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so" (citations omitted)). When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.

If lay testimony is controverted by the medical evidence presented, the ALJ does not err by ignoring that lay testimony. *Timmons v. Comm'r of Soc. Sec.*, 546 F. Supp. 2d 778, 795-96 (E. D. Cal. 2008) (citing *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). However, if the lay testimony is consistent with the medical evidence, then the ALJ must consider it and comment upon it. *Id*. (citing *Stout*, 454 F.3d at 1053).

This court is compelled to conclude that the lay testimony presented about plaintiff's impairments is consistent with the medical evidence of record. The ALJ failed to consider or comment upon these insights. This error cannot be construed as harmless, because this court

cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Stout*, 454 F.3d at 1053.

### 4.      Remand

In light of this analysis, the court concludes that the ALJ's findings are based on legal error and are not supported by substantial evidence in the record.  *Benton*, 331 F.3d at 1035. This action must be remanded.

The decision whether to remand for further proceedings or order an immediate award of benefits is within this court's discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When outstanding issues must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id*. at 1179.

However, when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id*. (holding that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings); *see also Benecke v. McCarthy*, 379 F.3d 587, 593 (9th Cir. 2004); *Smolen*, 80 F.3d at 1292.

This rule recognizes "the importance of expediting disability claims."  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves.  *Id*.

It is clear from the record that the ALJ must find the claimant disabled after crediting the evidence in question.  After giving all of the evidence presented to the Commissioner its proper weight, including the testimony of plaintiff, and the evidence presented by lay witnesses, an award DIB is appropriate.  Additional proceedings are unnecessary to determine plaintiff's entitlement to benefits.  The record – with evidence accorded its proper weight – is fully developed, and further proceedings "would serve no useful purpose."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits).

Moreover, permitting the Commissioner a further opportunity under these circumstances to amend findings to comport with a denial of disability benefits is not in the interests of justice.  *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

## CONCLUSION

Based on the foregoing, under the applicable standards, after giving the evidence in the record the effect required by law, plaintiff is unable to engage in any substantial gainful activity by reason of her impairments, and is disabled under the Act.  Accordingly, the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the calculation and award of benefits to plaintiff Gayle Disque.

IT IS SO ORDERED.

DATED this __20___ day of September, 2010.

  /s/ ANCER L. HAGGERTY_____
ANCER L. HAGGERTY
United States District Judge